The opinion of the court was delivered by
Manning, O. J.
The community existing between Christian T. Buddecke and his wife was dissolved in 1876 by the death of the latter. *573 There were eleven children, three oí whom are minors. Mrs. Buddecke left a will, which was probated by the Second District Court of Orleans in March 1877, by which she bequeathed all her interest in the community property to her children, subject to her husband’s right of usufruct, changing the disposition of the law only in this, that she gave the disposable portion to some of the children to the exclusion of others. On April 3,1877, the husband having applied to the court to be put in possession, as usufructuary, of the property, an order or judgment to that effect was made, and he went into possession thereof.
The property was real estate in New Orleans. Its partition was desired. No inventory of it had been taken in the mortuary proceedings of Mrs. Buddecke, and no account filed. There was nothing to file an account of, and therefore none was needed. Augusta, one of the major proprietors, instituted this suit in the Fifth court of Orleans for a partition of the property held in common between' her and the defendants, who are her father and brothers and sisters, and it was ordered. The minors live in Virginia with their father, upon whose affidavit to that effect, curators ad hoc were appointed. A special curator ad hoc was appointed to each of the three minors. An inventory was taken of the property, under order of the Fifth court in this case, under the allegation that none had been taken within a year, and it was appraised at eleven thousand dollars, and sold for eight thousand dollars. John Calder bought it, and refused to comply with his bid. The terms were one fourth cash, and the residue in three equal annual instalments, and had been fixed as to the minors’ shares by a family meeting, and the major owners agreed to the same terms for their shares. A rule was taken on him to shew cause why he should not be compelled to comply with his bid, and he has answered. This answer presents the issues now to be decided.
They are 1. That the Fifth court had no jurisdiction to decree a sale for partition of this property, the same being succession property in which minors are interested ; 2. that the property belongs to the succession of -Mrs. Buddecke to the extent of one undivided half thereof, which succession has been opened in the Second court, and has never been settled and closed ; 3. that the minors have been improperly, and illegally represented therein; 4. there was no legal appraisement; 5. there has been no valid sale, the price bid being less than the appraisement ; 6. Us pendens, in that an action for partition had been instituted in the Second court, and was pending.
The suit in the Second court had been discontinued, and the last plea therefore falls.
Whether the succession of Mrs. Buddecke was closed or not is of no consequence, and therefore we express no opinion about it, for as- *574 turning that it was still open, this suit is not a proceeding in it, nor for its partition, since the succession owned but one half of the property, ■and the partition is sought of the whole of it.
The appraisement was made under order of court in the proceedings for partition, Civil Code, arts. 1247 — 8 new nos. 1324 — 5, and in a licitation made at the instance of co-proprietors of minois the full appraisement of property need not be bid, as the rule touching that requirement in the alienation of minors’ property does not apply. Shaffet v. Jackson, 14 Annual, 154. Civil Code art. 339 new no. 345.
The minors, being absentees, were properly represented by curators ad hoc, and this was expressly declared to be the proper course in actions of partition of successions, M’Cullough v. Minor, 2 Annual, 466, and is the proposition disputed by the respondent. It has been later held, when a mortgage was to be enforced, the mortgagor being dead, •and the exception was made that the heirs, some of whom were minors, had not accepted the succession and the widow had not renounced, a curator ad hoc was rightfully appointed. Randolph v. Chapman, 21 Annual, 486. It is apparent the minor was not an absentee in Malone v. Casey, 25 Annual, 466.
The last five grounds of the objection of the respondent in the.rule are therefore untenable. The first and only remaining objection will be considered by itself.
In Boutté’s case, 30 Annual, 177, we held the Second court was without jurisdiction of that partition suit, because the property to be divided was owned by two separate and distinct successions, each claiming ownership of its part, not by title derived from a common ancestor, but from two different sources. ~Wo are surprised to learn that decision upset opinions of some of the Profession on the matter of jurisdiction, upon which their practice had been based. That decision but followed the old and beaten path. Forty years ago, the same rule was explicitly .■laid down by this court in a case, which has been ‘ reported’ in the legal sense of that word, and from the Reporter’s statement of the facts, and 'the epitome of the points raised on either side, we know its whole history. Henry v. Keays, 12 Louisiana, 214.
The plaintiff’s counsel there raised the identical question that is raised by the respondent here, and cited the same paragraph of the -article of the Code of Practice to support it that is cited here. The defendant’s counsel there opposed the same reasons and the same .authorities upon which the plaintiff in this ease relies. The difference between the eases is that the present is much stronger than that, and if the rule regulating jurisdiction was rightly applied in that case, there Is much greater reason to justify its application in this. The court go ■direct to the mark, and in language, at once perspicuous and succinct, *575 announce without qualification ; — “ The authority of the district court to ordain and regulate a partition of property, held in common by other title than hereditary succession, at the suit of a co-proprietor, can hardly be c¿uestioned at this time. It is the ordinary action cle commune dividendo.” This is said where the case was the brothers and sister claiming partition of the property of a deceased sister, but one of them claimed under a donation, and the court said ; — “Admitting in ordinary cases that, where the thing to be partitioned is one entire succession and the parties hold by the same title as heirs, the authority of the court of Probates is conclusive, yet in the case now before the court, such is not alleged to be the fact. As to the fourth claimed by the plaintiff under the donation, although she is a joint owner with the defendants, she does not claim as heir of the deceased, but in ^virtue of the donation.” Ibid. 219. '
The respondent rests his case upon the Code of Practice, and the decisions of this court cited by him, every one of which we shall review.
Courts of probate have the exclusive power to obtain and regulate all partitions of successions in which minors or absent persons are interested, or even those which are made by authority of law between persons of lawful age and residing in the State, when such persons cannot agree upon the partition and mode of making it. Code Prac. art. 924.
All partitions of succession property shall be made by the court of probate of the place where the succession is opened. Ibid. art. 1022.
The heir, desirous of obtaining a partition, shall present his petition to the judge of probates, praying that his co-heirs may be cited, etc. Ibid. art. 1024.
But what is to be done if it is not a succession that is to be partitioned, nor property belonging to one, an'd where therefore the person to be cited is not a co-heir ? Is Christian Buddeeke heir of his wife ? Has ho any part or lot in her succession? Is the thing to be divided her succession? He owns one half of the thing to be divided — not by inheritance from her or from any one, but by a distinct, separate, and independent title. A partition of a succession is not asked here. If it be, why is Mr. Buddeeke cited ? He owns no part of his wife's succession. He is not a co-heir with his children. What need of making him a party to a suit in which he can have no possible interest ? For if we accept the theory that the thing to be divided is a succession, he is an outsider as to that, and should not be a party to the suit. Now here is the crucial test. If he were not made a party, the proceedings would be defective. Why ? Because he is one of the owners. Being owner in his own right, and not as heir or by other title derived from the succession, is it not incontrovertible that the thing owned is not' a succession ?
*576 But we are told there is another feature in these Articles. Partitions of successions in which minors or absent persons are interested, must be made by the Second court. Most true. But must the Second court make partition of property, in which minors or absent persons are interested, that is not a succession, and does not belong to a succession ? It is apparent above that this property is not a succession. Is it not equally so that it does not belong to a succession ? Mr. Buddecke bought it while Mrs. Buddecke was alive. If he had not, she would never have owned any part of it. He bought it then before any succession was opened — before there was any succession — and he holds by the same title now that he did then. Is not what he owns a part of the thing to be divided ?
What countenance does the respondent’s objections receive from adjudicated cases ? There is not a case since Henry v. Keays that impinges the rule there laid down, much less overrules it. He cites Walker v. Kimbrough, 23 Annual, 637. It cannot be supposed that, in the isolated expression — “the parish court had jurisdiction to partition property of the community” — disconnected as it is, it was meant that the partition of community of all spouses, one being dead, is exclusively within the jurisdiction of the parish court, and unless it means that, it is not in conflict with our ruling. Moreau’s case, 25 Annual, 214, was an action by one heir against his co-heirs to recover his interest in the succession of their mother — the mother of all of them. Held, that he must first provoke a settlement of the succession, and then sue for a partition — very good doctrine, but in what particular applicable here is not apparent. The Buddeckes were not co-heirs — the father had no interest in the mother’s succession. No settlement of that affected or interested him.
The piece de resistance of the respondent’s first of authorities is Malone v. Casey, 25 Annual,466, which the brief informs us “fully maintains the position assumed by appellant.” The plaintiff, claiming to be an heir of Mary Casey deceased, instituted in the parish court an action against her co-heirs for partition of the decedent’s estate. The defendants excepted to the jurisdiction. The court say; — “So far as we can learn from a rather scant record, it would appear that the proceedings in this ease have been irregular. The succession can only be accepted on behalf of the minor with benefit of inventory, and it appears he is without a tutor. The succession is without a representative, and the minor’s interest therein is not ascertained. Under this state of facts, we deem it best to remand the case for further proceedings. It is therefore ordered,” etc. That is all, and nothing more.
The last case cited is Woolfolk’s, 30 Annual, 139 where we held that when the succession no longer existed, the parish or probate court had *577 not jurisdiction of the partition, a doctrine we propose to apply in this case, and which we have recently affirmed in Ereret’s case, not yet reported.
We have thus been at pains to justify a ruling made by us with deliberation, because from the frequency with which the question has of late been presented to us, it, is apparent that our construction of the law runs counter to the opinions of many lawyers of experience and caution. This is the more remarkable, since it is now demonstrated that we adhere to the interpretation of this court, adopted at an early day, and never departed from. It is a characteristic of the legal profession that it still retains that abhorrence of “vain conceits” which Lord Coke was fond of giving expression to, and prefer that their judges shall walk in the safe path, marked out by precedent and hedged on either side by authority; and we felicitate ourselves that, in now putting this phase of the question of jurisdiction at rest, we are guided by the wisdom and follow the instructions of our early predecessors.
It is a characteristic too of legal questions that, chameleon-like,, they change hue and colour as the light falls upon them with differing refractions, and it may not be amiss to note, without discussing, the fact that where the husband dies, who is the head of the community and who has burdened it with obligations, the question of settlement and partition of such a community may present a very different state of facts, which might not be guided by a rule such as is manifestly applicable to the present case.
The judgment of the lower court is affirmed.